**Cooper Estate**

428

*Anna Belle Jones,* for Commonwealth.
*Bernard Goldstone,* for general creditors.

STRANAHAN, P. J., October 27, 1970.—An auditor's report has been presented and confirmed nisi and the Commonwealth of Pennsylvania has taken exceptions to the report for the reason that the auditor determined that a judgment held by the Commonwealth of Pennsylvania was not a lien on certain real estate.

It was the finding of the auditor that the Commonwealth of Pennsylvania was a general creditor and, therefore, entitled to share with other general creditors. The Commonwealth of Pennsylvania contends that its judgment is a lien on real estate owned by decedent at the time of his death and subsequently conveyed out of the estate.

The issue that this court must determine is whether or not the judgment of the Commonwealth was properly revived so as to make it a lien, thereby giving the Commonwealth priority over the general creditors.

The Commonwealth of Pennsylvania had entered a judgment on April 26, 1960, against Cedric L. Cooper, as a result of certain Department of Public Assistance funds which had been advanced to Mr. Cooper. More than 15 days prior to May 5, 1965, the Commonwealth of Pennsylvania had given notice

to the guardian of Cedric L. Cooper of its intent to revive the judgment. On May 6, 1965, Cedric L. Cooper died. On May 25, 1965, the suggestion of non-payment was filed and indexed against Cedric L. Cooper.

This method of revival of the judgment in favor of the Commonwealth was done under the Act of May 3, 1956, P. L. (1955) 1528, sec. 1, 12 PS §885.

The general creditors in the estate rely on section 612 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.612, which provides, in substance, that any judgment, which at decedent's death was a lien on real estate then owned by him, shall continue to bind the real estate for five years from the inception or last revival of the lien, or for one year from decedent's death, whichever shall be longer, although the judgment be not revived after his death.

The general creditors contend that there was no revival of this judgment prior to the death of Cedric L. Cooper, and that the revival after the death of Cedric L. Cooper was not properly done, in that the revival should have been against the Estate of Cedric L. Cooper, and any effort to revive the judgment against Cedric L. Cooper through his guardian was a nullity.

It is the position of the Commonwealth, as we understand it, that once notice is given to the proper party of the intention to revive the judgment, then the judgment revival against the living defendant is proper, even though defendant dies before the filing and indexing of the revival takes place.

There are no particular cases interpreting the exact procedure to be followed under 12 PS §885, but this court in reading the section does not agree with the method employed by the Commonwealth in its revival proceeding. The Commonwealth gave notice to the guardian of Cedric L. Cooper of their intention

to revive the judgment, and, after that had been done, they then took a form called a suggestion of nonpayment to the prothonotary's office and had this form filed and indexed on the same day. This form states in it that notice was given to defendant more than 15 days prior to the filing of the suggestion of nonpayment.

A reading of 12 PS §885 indicates to this court that the procedure that should be followed is to file in the prothonotary's office a suggestion of nonpayment, and to then make service of this suggestion upon the proper party, and if no objection is made within 15 days after such service, then the judgment creditor has the right to require the prothonotary to index the suggestion of nonpayment on the judgment index, thereby reviving his judgment for a period of five years from the date of filing such suggestion of nonpayment. By doing this, the judgment revived shall remain a lien on the real estate for a period of five years from the date of the filing of the suggestion. We do not believe that the statute contemplates that the notice shall be given before the filing of the suggestion of nonpayment.

Regardless of whether the proper procedure was followed or not, we believe that the Commonwealth has not revived a judgment against the Estate of Cedric L. Cooper, because we believe that the procedure set forth in 12 PS §885 does not contemplate that the judgment shall be revived until the suggestion of nonpayment was made. This obviously was not done until after the death of Cedric L. Cooper. The act contemplates that the date of filing of the suggestion of nonpayment is the date upon which the judgment is revived, and not the date that notice of intent to revive the judgment was given or any other date.

Such being the case, we believe that the judgment was not revived until after the death of Cedric L.

Cooper, and since it was not revived prior to his death, it lost its status as a lien against the real estate within one year after the death of Cedric L. Cooper. Since the real estate involved was sold more than a year after the death of Cedric L. Cooper, we hold that the judgment of the Commonwealth of Pennsylvania was not a lien against the real estate, and that the Commonwealth of Pennsylvania was properly determined to be a general creditor by the auditor.

## ORDER

And now, October 27, 1970, the exceptions of the Commonwealth to the auditor's report are dismissed and the auditor's report is confirmed absolutely.